IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| JOHN HENDRICKS,<br><br>              Plaintiff,<br><br>     v.<br><br>SUNTRUST MORTGAGE, INC.;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; LITTON LOAN<br>SERVICING L.P.; GREEN TREE<br>SERVICING LLC; NORTHWEST TRUSTEE<br>SERVICES, INC; and DOES 1 TO<br>100, inclusive,<br><br>              Defendants. | 2:11-cv-02544-GEB-GGH<br><br>ORDER[*] |

Pending are motions for dismissal of Plaintiff's Complaint. These motions will not be decided in this court since this case was removed from state court by Defendant Suntrust Mortgage, Inc. ("Suntrust") on the basis of diversity removal jurisdiction which has not been shown to exist. (ECF No. 1.)

"There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 2011 WL 398861, at *1 (9th Cir. Feb. 8, 2011) (internal quotation marks omitted). "For purposes of . . . diversity jurisdiction, a corporation

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

is . . . a citizen both of the state (or states) in which it is incorporated and the state in which it has its principal place of business." Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d 528, 529 (7th Cir. 1985) (citing 28 U.S.C. § 1332(c)). "Hence . . ., the [removant] must allege both the state of incorporation and the state of the principal place of business for each corporation." Id. at 529-30. Here, Suntrust has not alleged in the notice of removal the state of incorporation for Defendant Northwest Trustee Services, Inc.

Further, Suntrust has not sufficiently alleged the citizenship of all owners/members of Defendant Green Tree Servicing, LLC. "For purposes of diversity jurisdiction, . . . a limited liability corporation is a citizen of all of the states of which its owners/members are citizens. . . . [T]he citizenship of all members of limited liability corporations . . . [must] be alleged." Lindley, 2011 WL 398861, at *1.

Since the removant has failed to show diversity of citizenship removal jurisdiction, this case is remanded to the Superior Court of the County of San Joaquin as required by 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

Dated: November 9, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge